# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**EUGENE VAUGHAN,**

    Plaintiff,

vs.                                                                                 Civ. No. 01-395 BB/DJS

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    **THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand the Administrative Decision (Docket No.12), filed September 12, 2001. The Commissioner of Social Security issued a final decision denying the Plaintiff his claim for disability insurance benefits. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the court finds that the motion is not well taken and recommends that it be DENIED.

## PROPOSED FINDINGS

### I. PROCEDURAL RECORD

    1. Plaintiff Eugene Vaughan filed an application for disability insurance benefits under Title II of the Act, alleging disability since 1990 due to alcoholism and mental problems. Tr. 44-45, 120. Plaintiff was found to be disabled in 1992. Tr. 44. On January 29, 1997, Plaintiff received notice of termination of his disability benefits pursuant to the 1996 Drug and Alcohol Abuse Amendments

to the Social Security Act. Tr. 94. See 42 U.S.C §423(d)(2)(C); 20 C.F.R. §404.1535. Plaintiff requested a hearing before an Administrative Law Judge (ALJ). The hearing was held on November 3, 1997. In his decision of November 20, 1997, The ALJ found that drug addiction and alcoholism were contributing factors material to the finding of disability. Tr. 19-29.   2.   Plaintiff appealed the ALJ's decision. On appeal, the parties agreed to a remand. In the remand order, entered July 6, 2000 the parties agreed that the case be remanded to the Commissioner:

    1.    To further evaluate plaintiff's mental impairment
    2.    To give plaintiff the opportunity to submit additional evidence and for the ALJ to take any additional action to complete the record;
    3.    To further evaluate the issue of materiality of drug addiction or alcoholism (DAA) and obtain medical expert testimony on that issue.

Tr. 225.

    3.  The ALJ conducted a hearing on December 5, 2000. Tr. 540. In his decision of February 8, 2001, the ALJ made the following conclusions according to the sequential analysis set forth in 20 C.F.R. Sec. 404.1520(a)-(f) and Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993): the claimant has not engaged in substantial gainful activity since the alleged onset of disability; the claimant has had a "severe" impairment or combination of impairments due to degenerative cervical disc disease, cervical spondylosis with myelopathy, status post cervical fusion, fibromyalgia, status post psychotic episode, a major depression, an anti-social personality disorder, and a history of polysubstance abuse; the severity of the claimant's impairments does not meet or equal a listed impairment; the claimant's allegations regarding his limitations are not totally credible; the claimant cannot perform his past relevant work; the claimant has the residual functional capacity to perform a limited range of light work; the claimant has the capacity to perform alternative jobs that exist in significant numbers in the economy; and alcohol and/or drug abuse is a contributing factor material to the finding of disability in this case. Tr. 212-220.

4. The ALJ entered his decision on February 8, 2001. The Plaintiff filed his complaint for court review of the ALJ's decision on April 6, 2001.

## II. STANDARD OF REVIEW

5. The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." Andrade v. Secretary of Health and Human Svcs., 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)). A decision of an ALJ is not supported by substantial evidence if other evidence on the record overwhelms the evidence supporting the decision. See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

6. In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. Se 42 U.S.C. Sec.423(d)(1)(A); see also Thompson, 987 F.2d at 1486. The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. Sec. 404.1520(a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. See Thompson, 987 F.2d at 1487.

7. At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limits his ability to do basic work activities and his impairment meet or equals one of the presumptively disability impairments listed in the regulations under 20 C.F.R. Part 404,, Subpt.

P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. Secs. 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. Id.

### III. DISCUSSION

8. Plaintiff raises two arguments in support of his Motion to Reverse or Remand Administrative Decision. First, the Plaintiff argues the ALJ applied the wrong sequential evaluation. Second, Plaintiff argues that the ALJ made factual errors in reviewing the evidence.

9. Plaintiff argues that the ALJ should have used the sequential evaluation applied in termination cases. In a termination case, the ALJ determines whether there has been medical improvement. 20 C.F.R. §404.1594(b)(1). Plaintiff's argument fails for three reasons. First, Plaintiff's benefits were not terminated because of medical improvement. The benefits were terminated because of a change in the law. The new law and regulations requiring a reexamination of Plaintiff's case are separate and apart from other regulations concerning medical improvement. See 42 U.S.C. §423(f); 20 C.F.R.§404.1594. Second, the decision of the ALJ was result of a specific remand agreed to by the parties and ordered by the Appeals Council. In the remand, the ALJ was ordered to evaluate the issue of materiality of drug addition or alcoholism. Tr. 225. Third, any error on the part of the ALJ is harmless. Bellamy v. Apfel, 110 F. Supp.2d 81 (D. Conn.) ("Harmless errors are those that do not affect the ALJ's determination that a claimant is not entitled to benefits."); Ward v. Commissioner, 211 F.3d 652 (1st Cir. 2000)("While an error of law by the ALJ may necessitate a remand...a remand is not essential if it will amount to no more than an empty exercise.") In this matter, the ALJ found that Plaintiff was not disabled at step five. A finding that

drug addiction or alcoholism is a contributing factor does not change the result in this matter. Plaintiff is not entitled to disability benefits because he is not disabled or drug addiction and/or alcoholism is a contributing factor.

10. Plaintiff asserts that the ALJ did not mention that Dr. Balcazar found that the Plaintiff could have difficulty in his interactions with his supervisor and coworkers and rated his Global Assessment of Functioning (GAF) as "poor." Contrary to Plaintiff's assertions the ALJ specifically noted that Dr. Balcazar and Dr. Ewing's conclusions were consistent and that Dr. Ewing testified that plaintiff "may have some difficulty with extensive interaction with supervisors and co-workers." Tr. 214. Further, contrary to Plaintiff's assertions, the ALJ discussed extensively the evidence regarding Plaintiff's alleged mental disability. He noted his one hospitalization and that Plaintiff's GAF improved to 55 at the time of discharge. Tr. 217. He further noted, *inter alia*, Plaintiff's situational depression. Id.

11. Plaintiff further asserts that the ALJ misrepresented Plaintiff's testimony. The ALJ found that because Plaintiff lived in Albuquerque Plaintiff's testimony that he cannot afford to drive for mental health treatment because of lack of funds was not totally credible. Tr. 215. Plaintiff testified that he did not have the money to drive back and forth to appointments. Tr. 559. There is no misrepresentation. Further, this is just one fact that the ALJ considered in his well-reasoned nine page opinion. In addition, the record shows that Plaintiff did receive medical care on many occasions. Tr. 321-536.

12. Finally, Plaintiff asserts that the ALJ erred in finding that Plaintiff's cervical fusion alleviated Plaintiff's complaints of weakness and numbness in the upper extremity. The record supports this finding as noted by the ALJ. On March 11, 1999, Plaintiff had 4+ to 5 strength all over

5

and normal sensation. Also on that date, Plaintiff's rehabilitation potential was considered "good." Tr. 216.

### **RECOMMENDED DISPOSITION**

I recommend finding that the ALJ applied the correct legal standards and his decision is supported by substantial evidence. The Plaintiff's Motion to Reverse and Remand Administrative Decision, filed June 25, 2001, should be DENIED.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to Sec.636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**